IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICIA FOLEY and
GEORGE FOLEY,

          Plaintiffs,

v.                                       Civil Action No. 2:13-cv-10600

ETHICON, INC., et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

On September 24, 2018, a Suggestion of Death was filed by defendants' counsel suggesting the death of Patricia Foley during the pendency of this civil action. [ECF No. 17].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 308 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Ethicon, Inc. Pelvic Repair System Products Liab. Litig., 2:12-md-2327 [ECF No. 6218], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

### I. Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Pennsylvania co-plaintiffs, one of whom, Ms. Foley, was implanted at Graduate Hospital in Philadelphia, Pennsylvania with the TVT, a mesh

product manufactured by Ethicon, Inc. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On September 24, 2018, defendants' counsel filed a Suggestion of Death noting that Ms. Foley died during the pendency of this action. [ECF No. 17].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed.

*Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 308

In Pretrial Order ("PTO") # 308, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 308, p. 3, 2:12-md-2327 [ECF # 6218]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3-4.

While this burden is on plaintiffs' counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties." *Id.* at 4. If they should fail to

serve the suggestion of death, the ninety-day substitution period commences 120 days after defendants' counsel filed the suggestion of death. *Id.*

### c. Choice of Law

If a plaintiff files her claim directly in the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Foley underwent implantation surgery in Pennsylvania. Thus, the choice-of-law principles of Pennsylvania guide the court's choice-of-law analysis.

Pennsylvania applies a modified "significant relationship" approach to choice-of-law issues, combined with an "interest analysis" which involves an "appraisal of the relevant States' policies with respect to the controversy." *Foca v. Sears Roebuck & Co.*, No. CIV. A. 88-8908, 1990 WL 85297, at *1–2 (E.D. Pa. June 15, 1990) (quoting *Blakesley v. Wolford*, 789 F.2d 236, 239 (3d Cir. 1986)). A district court must engage in a discriminating choice-of-law analysis only where "both jurisdictions' interests would be impaired by the application of the other's laws (i.e., there is a true conflict)." *Powers v. Lycoming Engines*, 328 F. App'x 121, 125 (3d Cir. 2009) (citation omitted). Here, Ms. Foley had the TVT implanted in Pennsylvania and resided there. Thus, I apply Pennsylvania's substantive law to this case.

III. Analysis

The defendants filed a Notice of Death on September 24, 2018, noting the Ms. Foley died while this litigation was pending. [ECF No. 17]. Thus, plaintiffs' counsel was on notice of Ms. Foley's death. Nothing was filed indicating that plaintiffs served notice of this Suggestion on successors or potential representatives. Pursuant to Rule 25(a)(1) and PTO # 308 the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Foley's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). Neither Mr. Foley or any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set forth in Rule 25(a) and PTO # 308. Accordingly, the court **ORDERS** that the claims of Patricia Foley are **DISMISSED without prejudice**.

While failure to comply with Rule 25(a)(1) prevents Mr. Foley from pursuing claims on Ms. Foley's behalf, Rule 25(a)(2) does not prevent Mr. Foley from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, only Mr. Foley's claim for loss of consortium remains. Because Mr. Foley's claim for loss of consortium is derivative of Ms. Foley's claims, which have now been dismissed, Mr. Foley's claim for loss of consortium must be dismissed as well. *See*

*Scattaregia v. Shin Shen Wu*, 495 A.2d 552, 553 (Pa. Super. Ct. 1985). Accordingly, the court **ORDERS** that the claim of George Foley is also **DISMISSED without prejudice**.

IV. **Conclusion**

It is **ORDERED** that the claims of the plaintiffs Patricia Foley and George Foley are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO # 308, and this case is dismissed and stricken from the docket. Any remaining pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: October 27, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE